## WESTINGHOUSE ELECTRIC & MFG. CO. v. BROOKLYN RAPID TRANSIT CO. et al.

### In re GARRISON.

District Court, S. D. New York. October 29, 1925.

**1. Appeal and error ⟨⟨=⟩1194(1)—Decree requiring accounting by receiver without deductions claimed will, after holding on appeal that account should be for longer period, be amended without deductions.**

Where decree of District Court requiring receiver to account to lessor for net income arising during certain period without allowing deductions claimed for proportion of expenses of receivership, or with respect to so much of net earnings as was derived from use during accounting period of property and improvements added by company in receivership and later by its receiver, and on appeal it was held that account should have been stated for a longer period, and mandate directed that decree be amended in conformity therewith, the District Court is not authorized to order a new accounting for longer period on principles other than those followed with respect to shorter period and decree will be amended without deductions claimed.

**2. Receivers ⟨⟨=⟩200—Lessor is not liable for share of receivership expenses, where leased property was operated by lessee's receiver.**

Where leased property was taken and operated by receiver for lessee, proportionate share of expenses of receivership may not be imposed on lessor.

**3. Receivers ⟨⟨=⟩201—Receiver for lessee on accounting for net income cannot deduct income in proportion to improvements, title to which passed only on payment by lessor.**

Where lease of property provided that lessee should make improvements, title to which were not to be in lessor until payment of the cost thereof, receiver for lessee, on accounting to lessor for net income, was not entitled to deduct proportion of income received from improvements, since postponement of passing of title was only as security, and did not defeat lessor's right to possession and use on termination of lease.

Order affirmed 20 F.(2d) 934. See, also, 288 F. 221; 291 F. 836, 863.

George N. Hamlin and Harold G. Pickering, both of New York City, for Garrison.

Cullen & Dykman, of Brooklyn, N. Y. (William N. Dykman and Sigourney B. Olney, both of Brooklyn, N. Y., of counsel), for Brooklyn City R. Co.

THACHER, District Judge. The mandate of the Circuit Court of Appeals sets forth in full the decree of this court, and directs that the said decree be and is amended in accordance with its opinion. 6 F.(2d) 547. In opposition to the moving party it is contended that, in order to carry out the provisions of this mandate, it will be necessary to restate the account of the receiver for net profits resulting from his operation of the properties of the Brooklyn City Railroad Company during the period from July 14 to October 18, 1919, and in this connection to allow as deductions (1) an allowance to be made for a proportion of the expenses of the receivership in the consolidated cause, and (2) an allowance to be made with respect to so much of the net earnings as was derived from the use during the accounting period of the property, betterments, and improvements added by the Brooklyn Heights Railroad Company, and later by its receiver, to the railroads and property of the City Company, for which, under article X of the lease of the railroads and property by the City Company to the Heights Company, the City Company was obligated to pay, and to which, under the provisions of the lease, it could not obtain title until payment should be made.

[1] In the report of Hon. E. Henry Lacombe as special master, upon which the decree of this court was entered, it was concluded that the receiver was required to account to the City Company for his net profits during the period from October 1 to October 18, 1919. This conclusion was affirmed by Judge Mayer, although it was contended before the special master, in behalf of the City Company, that the accounting period should extend from July 14 to October 18, 1919. This contention of the City Company has now been sustained by the Circuit Court of Appeals. Upon the hearings before the special master, however, in order that the whole situation might be presented to the court, accounts were separately stated by the learned special master for each of the periods in question. With respect to each of these periods the deductions now claimed by the receiver were claimed both before the special master and before Judge Mayer. If allowable in either period they are allowable in both. These deductions were not made by the special master with respect to either period, and when Judge Mayer entered his decree, to the effect that the receiver was obligated to account for the net income arising during the shorter period, the amount for which he was obligated to account was stated in the decree, without deduction for either of the items then claimed, and claimed now. Upon appeal it has been held that the account should have been stated for the longer period. The direction of the mandate is that the decree of this court be amended in conformity with the opinion of the Circuit Court of Appeals. Under these circumstances it does not seem to be open to this court to order a new accounting for the longer period, upon principles other than those followed by Judge Mayer with respect to the shorter period. The only amendment of the decree of this court directed by the Circuit Court of Appeals is that the accounting should be for the period from July 14 to October 18, 1919. The decree will accordingly be amended by taking the result of the account stated by the special master for that period, without the deductions claimed.

[2, 3] It may be added that, with reference to the receivership expenses, counsel for the receiver have cited no authority for imposing such expenses upon the lessor, where the leased property was taken and operated by the receiver of the property of the lessee. Had it been the intention of the Circuit Court of Appeals that the actual profits should be reduced by any such charge, there can be no doubt that such intention would have been clearly expressed. With reference to the payment which may ultimately be found due from the City Company to the successors in title of the Heights Company under article X of the lease, in the ancillary suit now pending, such amount is clearly not deductible from the actual profits of the receiver, for which he is held accountable to the City Company by the decision of the Circuit Court of Appeals. The contention advanced in behalf of the receiver, it is true, does not go so

far. His claim is that the City Company did not, during the accounting period, have title to the property for which it is required to pay under article X of the lease, because it is provided in article XXIII of the lease that such property shall be and become the property of the lessor upon payment of the cost thereof.

From this it is argued that the receiver must be allowed to deduct from the actual profit received from the operation of the entire system such proportion thereof as may be fairly allocated to his use of properties the title to which remains in the Heights Company. Under these provisions of the lease, upon the termination thereof and surrender of possession to the lessor, the lessee could not claim compensation for improvements under article X and at the same time demand payment for the use thereof.· The postponement of the passing of title under article XXIII until payment by the lessor under article X was obviously intended to provide security for payment under article X, not to defeat the lessor's right to possession and use of the entire system upon the termination of the lease. It was clearly not intended to require a division of the physical properties until payment was made. Upon the termination of the lease the physical properties were surrendered to the lessor as a whole, and although the payment required by article X has not been made and is the subject of an ancillary suit, it can hardly be suggested that the City Company is to-day without right to the enjoyment and possession of the property, the cost of which it may ultimately be obligated to pay under the lease. The ancillary suit to enforce this payment is still pending and undetermined. In view of its pendency and the claim there asserted, it would be quite inequitable to treat the right to use the properties which are the subject of that suit as not having passed to the City Company on the termination of the lease, which, in so far as this claim for use and occupation is concerned, is, under the decision of the Circuit Court of Appeals, to be taken to have happened at the commencement of the accounting period.

The motion of the Brooklyn City Railroad Company is therefore granted, and an amended decree in accordance herewith, and in accordance with the mandate of the Circuit Court of Appeals, may be submitted for signature on two days' notice.